FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★  APR ? 6 2014  ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

PATRICIA RILEY,

                    Plaintiff,

        -against-

THE CITY OF NEW YORK, POLICE OFFICER
BRANDON DILDY, POLICE OFFICER "JOHN
DOE", POLICE OFFICER "JANE DOE", and
SERGEANT "JOHN DOE",

                  Defendants.
-------------------------------------------------------------------x

Docket No.: CV14 2678

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

      PATRICIA RILEY, through her attorney Kathy A. Polias, Attorney-at-Law, complaining

of the Defendants THE CITY OF NEW YORK, POLICE OFFICER BRANDON DILDY,

POLICE OFFICER "JOHN DOE", POLICE OFFICER "JANE DOE", and SERGEANT "JOHN

DOE", respectfully alleges as follows:

### NATURE OF ACTION

1.    This action is brought to remedy:

(a)    Defendants' arrest and imprisonment of Plaintiff, while acting under color of

State Law, in retaliation for her exercising her right to freedom of speech, in

violation of 42 U.S.C. Sec. 1983 and the First and Fourteenth Amendments to the

U.S. Constitution.

(b)    Defendants' denial to Plaintiff, while acting under color of State Law, of equal

protection of the law on the basis of her race by selectively arresting and

imprisoning her and other Black motorists for alleged vehicle and traffic

infractions/violations while only giving non-Black motorists a ticket or a warning

1

for the same infractions and violations, in violation of 42 U.S.C. Sec. 1983 and the Fourteenth Amendment to the U.S. Constitution.

(c)  Defendants' denial to Plaintiff, while acting under color of State Law, of equal protection of law by arresting and imprisoning her for an alleged vehicle and traffic infraction/violation while not arresting and imprisoning other motorists for the same alleged vehicle and traffic infraction/violation, without a rational basis for the difference in treatment, in violation of 42 U.S.C. Sec. 1983 and the Fourteenth Amendment to the U.S. Constitution.

(d)  Defendants' false arrest and imprisonment of Plaintiff without probable or reasonable cause, in violation of common law.

(e)  Defendants' arrest and imprisonment of Plaintiff, while acting under color of State Law, without probable cause, in violation of 42 U.S.C. 1983 and the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution.

(f)  Defendants' denial to Plaintiff, while acting under color of State Law, of substantive due process in the Precinct by keeping her handcuffed to a pole there for about four hours, in violation of 42 U.S.C. Sec. 1983 and the Fourteenth Amendment to the U.S. Constitution.

(g)  Defendants' assault and battery of Plaintiff, in violation of common law.

(h)  Defendants' use of excessive force against Plaintiff, while acting under color of State Law, in violation of 42 U.S.C. Sec. 1983 and the Fourth and Fourteenth Amendments to the U.S. Constitution.

**JURISDICTION AND VENUE**

2.      Jurisdiction is specifically conferred upon this Court by 42 U.S.C. Sec. 1983. This Court has pendent and supplemental jurisdiction over Plaintiff's common law claims, as the facts that form the basis of the common laws are substantially similar to the facts that form the basis of the federal law claims.

3.      Venue is proper because the incidents complained of in this lawsuit occurred in Queens, New York, which is within the Eastern District of New York.

**PARTIES**

4.      During all times relevant and material to this Complaint, Plaintiff Patricia Riley was a resident of the State of New York within the jurisdiction of this Court.

5.      During all times relevant and material to this Complaint, Defendant City of New York was a municipal corporation organized under the laws of the State of New York.

6.      During all times relevant and material to this Complaint, Defendants Police Officer Defendants Police Officer Brandon Dildy, Police Officer "John Doe", Police Officer "Jane Doe", and Sergeant "John Doe" were employed by Defendant City of New York in the 113th Precinct of the New York City Police Department.

7.      During all times relevant and material to this Complaint, the individual Defendants were acting as agents of Defendant City of New York under the principal-agent/*respondeat superior* common law theory.

8.      During all times relevant and material to this Complaint, the individual Defendants were acting pursuant to the policy, custom, and practice of the City of New York.

**FULFILLMENT OF ADMINISTRATIVE PREREQUISITES**

9.     Plaintiff filed a Notice of Claim against the City of New York on July 31, 2013, which was within 90 days of the events giving rise to the common law claims, and it was assigned Claim Number 2013PI019932.

## FACTUAL ALLEGATIONS

10.     On Friday, May 3, 2013, Plaintiff Patricia Riley was driving her vehicle in Jamaica, Queens, New York.  At approximately 8:28 p.m., she pulled up to the stop light at Linden Blvd. and Sutphin Blvd.  Defendants Police Officer Brandon Dildy and Police Officer "John Doe" approached Plaintiff's vehicle.  One of the officers was shining a flashlight into Plaintiff's car.  When Plaintiff asked why they had stopped her, Defendant Police Officer Brandon Dildy responded that the tints in her rear windows were too dark.  Plaintiff responded that her son and his friends had asked an officer who was walking on her block about regulations pertaining to tinted windows and that the officer had explained to her son and his friends that as long as the two front windows are not tinted and that the driver can be seen, then it is legal.  Defendant Police Officer Dildy replied, "He did not know what he was talking about."

11.     Defendant Police Officer Brandon Dildy asked for Plaintiff's registration and insurance card.  Plaintiff needed a little bit of time to locate these documents in her purse.  In the meantime, Defendant Police Officer Dildy asked her to give him her license, which she produced to him.  He walked away with it toward a nearby store.  When Plaintiff located her registration and insurance card, she called Police Officer Dildy over to her car, handed him the documents, and said, "When you get through, officer, I'd like your badge number."  Defendant Police Officer Dildy walked away back toward the store without, upon Plaintiff's recollection, having responded to her request.

4

12.     After Plaintiff was sitting and waiting in her vehicle for around a half hour, Police Officer Dildy returned and asked Plaintiff if she had ever lived at 800 Grand Concourse in the Bronx. Plaintiff responded yes. Police Officer Dildy then returned to the front of the nearby store.

13.     After waiting a while longer, Plaintiff called out to Police Officer Dildy, asking him what the problem was. Police Officer Dildy responded, "Just a minute." Plaintiff called her brother to tell him she had been stopped for having tints. Plaintiff's brother told Plaintiff to ask the officers if they had a tint meter, which Plaintiff did. She called out to the Police Officers asking them if they had a tint meter. Neither one responded. At no time did Plaintiff observe the officers use a device to measure the tint on the windows.

14.     Plaintiff also called out to the officers stating that her brother would like to ask them a question. Police Officer Dildy responded, "I am not talking to anyone." In addition, Plaintiff tried to call the officers over to her vehicle so that she could speak to them, but neither of them came over. Plaintiff told her brother that the officer said that he was not going to talk to anyone and he was not coming over to the car. Plaintiff's brother said, "Okay, I will hold on the phone."

15.     A short time later, a police van pulled up and a plainclothes officer emerged from the van and approached Plaintiff's vehicle. He asked Plaintiff if she was Patricia Riley. Plaintiff replied, "Yes." He asked Plaintiff whether she had ever lived at 800 Grand Concourse in the Bronx. Plaintiff replied, "Yes." He then stated to Plaintiff, "You have a warrant." Plaintiff went silent for a moment in shock and then asked, "For what?" He replied, "In 2001, your dog peed on grass and you did not respond to a summons. A warrant was issued." Plaintiff was again shocked and replied, "The damn dog is dead." Plaintiff told the plainclothes officer that she had

5

never received a summons.  Furthermore, as a licensed social worker, Plaintiff had been subjected to several background checks since 2001 and none of those background checks had ever shown an outstanding warrant.  As described in more detail below, Plaintiff later found out that there was never a warrant.  Plaintiff's brother was still on the phone and told Plaintiff to ask for the Sergeant, which Plaintiff did.  At that point, the plainclothes officer identified himself as the Sergeant.  Plaintiff was told to step out of the car.

16.     Plaintiff stepped out of the car and was arrested.  Police Officer "Jane Doe" who had arrived in the police van with Sergeant "John Doe" proceeded to handcuff her behind her back.  Plaintiff informed Police Officer "Jane Doe" that she had recently been in a car accident and that she had injured her right shoulder and her left wrist.  Police Officer "Jane Doe" failed and refused to handcuff her in a way that would have been less painful than behind her back, which constituted the assault and battery and use of excessive force.  The placement of her in handcuffs behind her back greatly exacerbated the pain she already had in her arms.

17.     Plaintiff was taken to the 113th Precinct, 167-02 Baisley Blvd., Jamaica, NY, 11434 where she was handcuffed to a pole for the next three-plus hours until she was taken to Central Booking at 12:30 a.m. on Saturday, May 4, 2013.

18.     Plaintiff was transferred to Queens Central Booking at around 12:30 a.m. on Saturday, May 4, 2013.  Plaintiff was in Central Booking until around 5:00 p.m. on Saturday, May 4, 2013 when she appeared before a judge.  The judge told Plaintiff to go home and Plaintiff was then told by her court-appointed attorney not to get in trouble for six months.  Plaintiff's siblings were present in the courtroom and told her afterward that based on what the attorney had just told her, the case had not been dismissed, that it was instead an Adjournment in Contemplation of Dismissal, and that she would have an open arrest record for six months.

19.     Plaintiff was never shown a copy of the alleged warrant.  After she was released, she found out that there had never been a warrant for her arrest and also that the charges brought by Defendants were not at all connected to an outstanding warrant or the ignorance of a summons.  The arresting officer, Defendant Police Officer Brandon Dildy, did not even mention a warrant in the Affidavit that he submitted to the Queens County Criminal Court.  Instead, his Affidavit reflected that Plaintiff was charged with the offense of VTL 375-12-A (B) (Window Tint) (V) Equipment of Motor Vehicles and Motorcycles.  Police Officer Dildy claimed that he measured Plaintiff's rear side window with a tint meter and that the window had a light transmittance of 20%.  However, when Plaintiff had asked the officers if they had a tint meter, they did not respond and Plaintiff never observed the officers measuring anything on her vehicle. The fact that Defendants falsely told Plaintiff that she had an open arrest warrant and used that as an excuse to arrest her shows that they did not believe at the time of the arrest that she had violated any vehicle and traffic laws with her tints.

20.     Even if Defendants did reasonably believe at the time of the arrest that Plaintiff had violated VTL 375-12-A (B) (Window Tint) (V) Equipment of Motor Vehicles and Motorcycles, Defendants denied her equal protection of the law by arresting and imprisoning her for this infraction instead of just giving her a ticket.  Upon information and belief, Defendants had a practice at the time of arresting and imprisoning Black motorists, like Plaintiff, for the tints on their windows while giving non-Black motorists tickets for the same alleged infraction. Defendants arrested and imprisoned Plaintiff instead of giving her a ticket because she was Black, or at the very least, arrested and imprisoned Plaintiff for this infraction while giving similarly situated individuals a ticket for the same infraction and executed this differential treatment without a rational basis.  Upon information and belief, in addition to Plaintiff's race,

Defendants executed this differential treatment because she was asking questions and making statements to Defendants to defend herself, which is a violation of her First Amendment right to freedom of speech.

21.     Plaintiff was denied her freedom and liberty for 21 hours without probable or reasonable cause, without due process, without justification, and in violation of her right to equal protection of the laws.  Plaintiff has suffered severe emotional, mental, and physical distress as a result of Respondents' actions.  Plaintiff experienced – from having been handcuffed behind her back – exacerbated pain in her arms for a couple of days after she was released.

## AS FOR A FIRST CAUSE OF ACTION

22.     Plaintiff repeats and re-alleges paragraphs 1 through 21 as if each is set forth herein.

23.     In violation of 42 U.S.C. Sec. 1983, Defendants Police Officer Brandon Dildy, Police Officer "John Doe", Sergeant "John Doe", and Police Officer "Jane Doe", while acting under color of State Law, denied Plaintiff equal protection of the law by arresting and imprisoning her and other Black motorists for an alleged infraction while only giving non-Black motorists a ticket for the same alleged infraction.  Defendants thereby violated Plaintiff's rights under the Fourteenth Amendment to the U.S. Constitution, while acting under color of State Law.  Defendants' actions were malicious, wanton, gross, and with reckless disregard of Plaintiffs rights.

## AND AS FOR A SECOND CAUSE OF ACTION

24.     Plaintiff repeats and re-alleges paragraphs 1 through 23 as if each is set forth herein.

8

25.     In violation of 42 U.S.C. Sec. 1983, Defendants Police Officer Brandon Dildy, Police Officer "John Doe", Sergeant "John Doe", and Police Officer "Jane Doe", while acting under color of State Law, denied Plaintiff equal protection of the law by, without a rational basis, arresting and imprisoning her for an alleged infraction while only giving similarly situated individuals a ticket for the same alleged infraction. Defendants thereby violated Plaintiff's rights under the Fourteenth Amendment to the U.S. Constitution, while acting under color of State Law. Defendants' actions were malicious, wanton, gross, and with reckless disregard of Plaintiffs rights.

### AND AS FOR A THIRD CAUSE OF ACTION

26.     Plaintiff repeats and re-alleges paragraphs 1 through 25 as if each is set forth herein.

27.     In violation of 42 U.S.C. Sec. 1983, Defendants Police Officer Brandon Dildy, Police Officer "John Doe", Sergeant "John Doe", and Police Officer "Jane Doe", while acting under color of State Law, retaliated against Plaintiff for the exercise of her freedom of speech by arresting and imprisoning her. In doing so, Defendants violated Plaintiff's rights under the First and Fourteenth Amendments to the U.S. Constitution, while acting under color of State Law. Defendants' actions were malicious, wanton, gross, and with reckless disregard of Plaintiff's rights.

### AND AS FOR A FOURTH CAUSE OF ACTION

28.     Plaintiff repeats and re-alleges paragraphs 1 through 27 as if each is set forth herein.

29.     In violation of 42 U.S.C. Sec. 1983, Defendants Police Officer Brandon Dildy, Police Officer "John Doe", Sergeant "John Doe", and Police Officer "Jane Doe", while acting

under color of State Law, arrested and imprisoned Plaintiff without probable or reasonable cause

to believe that she had violated the law.  In doing so, Defendants violated Plaintiff's rights under

the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution.  Defendants' actions

were malicious, wanton, gross, and with reckless disregard of Plaintiffs rights.

### AND AS FOR A FIFTH CAUSE OF ACTION

30.     Plaintiff repeats and re-alleges paragraphs 1 through 29 as if each is set forth

herein.

31.     In violation of common law, Defendants Police Officer Brandon Dildy, Police

Officer "John Doe", Sergeant "John Doe", and Police Officer "Jane Doe", while acting under

color of State Law, falsely arrested and imprisoned Plaintiff without probable or reasonable

cause to believe that she had violated the law.  Defendants' actions were malicious, wanton,

gross, and with reckless disregard of Plaintiffs rights.

### AND AS FOR A SIXTH CAUSE OF ACTION

32.     Plaintiff repeats and realleges paragraphs 1 through 31 as if each is set forth

herein.

33.     In violation of 42 U.S.C. Sec. 1983, Defendants Police Officer Brandon Dildy,

Police Officer "John Doe", Sergeant "John Doe", and Police Officer "Jane Doe", while acting

under color of State Law, denied Plaintiff substantive due process by handcuffing her to a pole in

the precinct for three-plus hours, thereby preventing her from walking and moving around.

Defendants thereby violated Plaintiff's rights under the Fourteenth Amendment to the U.S.

Constitution, while acting under color of State Law.  Defendants' actions were malicious,

wanton, gross, and with reckless disregard of Plaintiff's rights.

### AND AS FOR A SEVENTH CAUSE OF ACTION

34.     Plaintiff repeats and realleges paragraphs 1 through 33 as if each is set forth herein.

35.     In violation of 42 U.S.C. Sec. 1983, Defendant Police Officer "Jane Doe", while acting under color of State Law, used excessive force against Plaintiff by handcuffing her behind her back despite Plaintiff telling her that she had recently injured her shoulder in a car accident. The handcuffing of Plaintiff behind her back was completely unnecessary. Defendant Police Officer "Jane Doe" thereby violated Plaintiff's rights under the Fourth and Fourteenth Amendment to the U.S. Constitution, while acting under color of State Law.  Defendant's actions were malicious, wanton, gross, and with reckless disregard of Plaintiff's rights.

### AND AS FOR AN EIGHTH CAUSE OF ACTION

36.     Plaintiff repeats and realleges paragraphs 1 through 35 as if each is set forth herein.

37.     In violation of common law, Defendant Police Officer "Jane Doe" assaulted and battered Plaintiff by handcuffing her behind her back despite Plaintiff telling her that she had recently injured her shoulder in a car accident.  The handcuffing of Plaintiff behind her back was completely unnecessary.  Defendant's actions were malicious, wanton, gross, and with reckless disregard of Plaintiff's rights.

### AND AS FOR A NINTH CAUSE OF ACTION

38.     Plaintiff repeats and re-alleges paragraphs 1 through 37 as if each is set forth herein.

39.     The individual Defendants' violations of Plaintiff's constitutional/federal rights in the First, Second, Third, Fourth, Sixth, and Seventh Causes of Action were perpetrated pursuant to the following policies, practices, and procedures of Defendant City of New York.

i.     Promulgation of a policy setting, and mandating that Police Officers meet, arrest quotas;

ii.    Promulgation of a policy and practice of arresting and imprisoning Black individuals for infractions/violations while giving non-Black individuals tickets for the same infractions/violations;

iii.   Failure to train Police Officers in the meaning of probable cause and in the necessity of having probable cause to believe an individual has violated the law before arresting that individual and imprisoning that individual;

iv.   Failure to train Police Officers in the meaning of due process and in the necessity of observing due process in the arrest and imprisonment of an individual;

v.    Failure to train Police Officers as to when it is necessary to use force in effectuating arrests and as to avoiding using excessive force;

vi.   Failure to discipline and take other corrective action against overreaching Police Officers who violate individuals' constitutional and common law rights.

40.    Therefore, Defendant City of New York is jointly and severally liable with the individual Defendants for each of the First, Second, Third, Fourth, Sixth, and Seventh Causes of Action.

## AND AS FOR A TENTH CAUSE OF ACTION

41.    Plaintiff repeats and re-alleges paragraphs 1 through 40 as if each is set forth herein.

42.    The individual Defendants committed the acts complained of in the Fifth and Eighth Causes of Action while acting as agents of Defendant City of New York. Under the

common law principal-agent/*respondent superior* theory, Defendant City of New York is therefore jointly and severally liable with the individual Defendants for those causes of action.

WHEREFORE, Plaintiff requests judgment as follows:

Against Defendant City of New York and the named individual Defendants, jointly and severally, for each First, Second, Third, and Fourth Causes of Action:

    i.    General and compensatory damages for Plaintiff's loss of freedom and liberty for about twenty-one hours and the emotional, mental, and physical distress that Plaintiff sustained and has suffered as a result of Defendants' actions, in an amount to be determined at trial and in accordance with evidence;

    ii.    Punitive damages, in an amount to be determined at trial and in accordance with evidence;

    iii.    Reasonable attorneys' fees and the costs and disbursements of this action, in an amount to be determined by the Court; and

    iv.    Such other relief as Plaintiff may be shown entitled to.

Against Defendant City of New York and the named individual Defendants, jointly and severally, for the Fifth Cause of Action:

    i.    General and compensatory damages for Plaintiff's loss of freedom and liberty for about twenty-one hours and the emotional, mental, and physical distress that Plaintiff sustained and has suffered as a result of Defendants' actions, in an amount to be determined at trial and in accordance with evidence;

    ii.    Punitive damages, in an amount to be determined at trial and in accordance with evidence;

    iii.    The costs and disbursements of this action, in an amount to be determined by the

Court; and

iv.     Such other relief as Plaintiff may be shown entitled to.

Against Defendant City of New York and the named individual Defendants, jointly and severally, for each of the Sixth and Seventh Causes of Action:

i.      General and compensatory damages for the emotional, mental, and physical distress that Plaintiff sustained and has suffered as a result of Defendants' actions, in an amount to be determined at trial and in accordance with evidence;

ii.     Punitive damages, in an amount to be determined at trial and in accordance with evidence;

iii.    Reasonable attorneys' fees and the costs and disbursements of this action, in an amount to be determined by the Court; and

iv.     Such other relief as Plaintiff may be shown entitled to.

Against Defendant City of New York and Police Officer "Jane Doe", jointly and severally, for the Eighth Cause of Action:

i.      General and compensatory damages for the emotional, mental, and physical distress that Plaintiff sustained and has suffered as a result of Defendants' actions, in an amount to be determined at trial and in accordance with evidence;

ii.     Punitive damages, in an amount to be determined at trial and in accordance with evidence;

iii.    The costs and disbursements of this action, in an amount to determined by the Court; and

iv.     Such other relief as Plaintiff may be shown entitled to.

Dated: Brooklyn, New York
       April 25, 2014

                                    By:  _Kathy Polias_____
                                         Kathy A. Polias
                                         Attorney-at-Law
                                         *Attorney for Plaintiff Patricia Riley*
                                         68 Jay Street, Suite 201
                                         Brooklyn, NY 11201
                                         Tel. No.:  (718) 514-2062